J-S36003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK KEVIN WISE | : | |
| | : | |
| Appellant | : | No. 2095 MDA 2018 |

Appeal from the Order Entered November 27, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001349-2015

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED NOVEMBER 15, 2019**

Mark Kevin Wise appeals from the Order of the Court of Common Pleas of Adams County, Pennsylvania, dated November 27, 2018. That order denied Wise's handwritten "Application to Preclude Mark Kevin Wise From Lifetime Sex Offender Registration (SORNA II)" which Wise filed *pro se* on November 21, 2018. Wise's appointed counsel has also filed a petition to withdraw as counsel on the basis of frivolity.

The issue raised herein by the *pro se* application dated November 21, 2018, clearly fell within the ambit of the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA"), and as such was untimely.  We therefore

_____

[*] Retired Senior Judge assigned to the Superior Court.

affirm and grant counsel permission to withdraw. A short summary of the factual and procedural history of this case will suffice for our review.

On October 24, 2016, Wise agreed to plead guilty to solicitation to commit statutory sexual assault, 18 Pa.C.S.A. §§ 902(a) & 3122.1(b), in exchange for an agreed sentence of twelve months to thirty-six months' incarceration in a state correctional institution. The crime was graded as a felony of the first degree.[1] He was sentenced pursuant to the agreement on February 6, 2017. At sentencing, the court advised Wise that he would be subject to the registration and reporting requirements under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. § 9799.14. Wise did not object.

Wise did not file a direct appeal. He also did not file a timely petition under the PCRA.

As stated above, Wise filed the application in issue on November 21, 2018. The Honorable Thomas R. Campbell of the Adams County Court of Common Pleas denied the application on November 27, 2018, finding that the court had no jurisdiction to address the application. Following the filing of the

---

[1] As an inchoate crime, the solicitation charge carried the same grading and degree of the underlying offense, i.e., statutory sexual assault. Therefore, the solicitation charge to which Wise pled guilty was graded as a felony of the first degree.

appeal, Judge Campbell filed a comprehensive and thorough opinion on January 28, 2019, pursuant to Pa.R.A.P. 1925(a).

As a preliminary matter, counsel seeks to withdraw her representation pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

**Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. After confirming that counsel has met the antecedent requirements to withdraw, this Court must make an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa. Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa. Super. 2018) (*en banc*).

Technically, because the application filed by Wise fell within the PCRA,[2] counsel should have filed a **Turner**/**Finley**[3] no merit letter instead of an **Anders** brief. However, counsel's brief serves the same purpose and we find no reason to remand for a no merit letter. **See**, **e.g.**, **Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa. Super. 2008).

The sole issue raised by Wise on appeal is whether he is required to register under SORNA. Specifically, he contends that his conviction for the inchoate crime of solicitation is not subject to SORNA reporting requirements.

His claim, challenging the application of SORNA's registration provisions, must be considered under the PCRA. **See Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa. Super. 2019). Claims challenging application of SORNA's registration provisions are cognizable under the PCRA, as they implicate the legality of a petitioner's sentence, but they remain subject to the PCRA's timeliness requirements. **See id**. at 1123-24.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. **See** 42 Pa.C.S.A. § 9542; **see also**

---

[2] In his petition, Wise explicitly denies that he is seeking relief pursuant to the PCRA. Further, the court acknowledged Wise's disclaimer, and refused to treat his petition as a PCRA petition. Due to these circumstances, we can understand the court's and counsel's hesitancy to classify the proceedings as PCRA proceedings. Nevertheless, Wise's disclaimers are insufficient to overcome the legal classification of the claims in his petition.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

*Commonwealth v. Haun*, 32 A.3d 697, 705 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA subsumes an application such as the one filed by Wise. A defendant cannot escape the PCRA time-bar by titling his petition as something other than a PCRA petition. *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

Since Wise's application is properly classified as a PCRA petition, he must satisfy the jurisdictional requirements of the PCRA. Therefore, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Since Panzer did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on March 8, 2017, when his time for seeking direct review with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or

at the expiration of time for seeking the review"). Hence, to be timely, his petition was required to be filed by March 8, 2018. The instant petition – filed November 21, 2018 – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Wise's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Because Wise contends his petition is not a PCRA petition, he makes no effort to establish an exception to the PCRA's deadlines. As a result, his PCRA petition is untimely. Under these circumstances, we agree with counsel that the appeal is wholly frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the order dismissing Wise's petition.

Order affirmed. Application to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2019